UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Rapid Pay, LLC ) | CASE NUMBER   1:06CV00052 |
| ) | JUDGE: Richard W. Roberts |
| Plaintiff, ) | DECK TYPE: Contract |
| v. ) | DATE STAMP: 01/12/2006 |
| Roberto Donna ) | Superior Court for the District |
| Defendant. ) | of Columbia, Case No. 04-0703 |

## NOTICE OF REMOVAL PURSUANT TO
## 28 U.S.C. §§ 1446 AND 1452 AND SUGGESTION OF REFERRAL
## TO BANKRUPTCY COURT PURSUANT TO LOCAL RULE 5011-1

Defendant Roberto Donna ("Donna"), hereby removes the above-captioned action

from the Superior Court for the District of Columbia to the United States District Court

for the District of Columbia pursuant to 28 U.S.C. §§ 1441, 1446 & 1452 and requests

that the action be referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157 and Local

Rule 5011-1 and respectfully states:

1.     On December 15, 2005, Rapid Pay, LLC ("Rapid Pay" or "Plaintiff")

commenced this action by filing a Complaint in the Superior Court for the District of

Columbia, bearing Civil Action Number 05-0009557.

2.     As more fully set out below, this case is properly removed to this Court

pursuant to 28 U.S.C. § 1441, this Court has subject matter jurisdiction over this action

pursuant to 28 U.S.C. §§ 1332 and 1334, and because Donna has satisfied the procedural

requirements for removal under 28 U.S.C. § 1446.

3.    Upon removal, this case is properly referred to the Bankruptcy Court under 28 U.S.C. § 157 and Local Rule 5011-1 because it is a core proceeding and is related to a case under Title 11.

**DONNA HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

4.    The Complaint and Summons were served on Donna sometime after December 15, 2005.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5.    The Superior Court for the District of Columbia, is located within the District of Columbia.  28 U.S.C. § 88.  Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

6.    No previous application has been made for the relief requested herein.

7.    Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint and Summons and Answer is attached hereto as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court for the Superior Court for the District of Columbia.

**REMOVAL IS PROPER UNDER 28 U.S.C. § 1441 BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332.**

8.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A. Complete Diversity Of Citizenship

9.     There is complete diversity between Rapid Pay and Donna.  Rapid Pay is not a citizen of Virginia, and Donna is not a citizen of New York.

10.     Rapid Pay is alleged to be organized in  the State of New York with its principal place of business in the state of New York.  (Complaint ¶ 1.)  Thus the Plaintiff is a citizen of the State of New York for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

11.     Donna is, and was at the time Plaintiffs commenced this action, a resident of and domiciled in Virginia, and therefore a citizen of Virginia for the purposes of determining diversity.  The parties are citizens of different states for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### B. The Amount In Controversy Requirement Is Satisfied.

12.     It is apparent from the face of the Petition that Plaintiffs are seeking recovery of an amount in excess of $75,000, exclusive of costs and interest.  Plaintiffs are seeking, without limitation: (1) damages for indemnification, breach of contract, unjust enrichment and fraudulent inducement; (2) interest; and (3) legal fees and costs of suit. (Complaint ¶¶ 13, 18, 19, 22, 23, 29, 33).

13.     Plaintiff asserts that it has been damaged in an amount not less than the receivables that SER sold to Rapid Pay (Complaint ¶ 22) which it alleges was $135,565.72.  (Complaint ¶ 17).  Thus the amount in controversy exceeds $75,000.00 in accordance with 28 U.S.C. § 1332.

**REMOVAL IS ALSO PROPER PURSUANT TO 28 U.S.C. § 1452 BECAUSE THIS ACTION IS RELATED TO A BANKRUPTCY CASE.**

14.     Under 28 U.S.C. § 1452 removal of a civil action is proper if the district court has jurisdiction under 28 U.S.C. § 1334.

15.     Section 1334 confers jurisdiction upon the district court for any action "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

16.     This court has jurisdiction under § 1334(b) because this action is related to Bankruptcy Case No. 04-01249, captioned In re SER Corporation, which is currently pending in the Bankruptcy Court for the District of Columbia.

17.     This action is related to the SER bankruptcy case because it is in fact a disguised attempt to collect a claim against the estate. The Complaint claims that "Rapid Pay has been damaged by SER's fraud in the inducement," (Complaint ¶ 29), that Donna "signed the agreement on behalf of SER," (Complaint ¶ 25) and that SER has been unjustly enriched (Complaint ¶ 21).

18.     Many of the claims in the Complaint are for actions Donna allegedly took in his capacity as representative of SER, and thus are claims against SER.

19.     The underlying claim arises from Rapid Pay's failure to properly perfect its security interest by mistakenly filing its UCC-1 in the State of Washington, rather than the District of Columbia and by failing to pursue a claim as a secured creditor in SER's bankruptcy case.

20.     Consequently, this action is related to Bankruptcy Case No. 04-01249 because the claim is likely barred by the discharge injunction of 11 U.S.C. § 1141(d) and

the operation of D.C. Code § 28:3-605 which discharges a guarantor where the creditor impairs its collateral.

## BECAUSE THIS CASE IS PROPERLY REMOVED UNDER 28 U.S.C. § 1452, REFERRAL TO THE BANKRUPTCY COURT IS PROPER UNDER LOCAL RULE 5011-1

21.    Once district court jurisdiction is established under 28 U.S.C. § 1332 and removal is proper under 28 U.S.C. §§ 1446 and 1452, bankruptcy court jurisdiction is established under 28 U.S.C. § 157 and referral to the bankruptcy court is controlled by Local Rule 5011-1.

22.    28 U.S.C. § 157(b) permits bankruptcy judges to hear and determine "core proceedings," which include, "allowance or disallowance of claims against the estate," "determinations as to the dischargeability of particular debts," and "other proceedings affecting the liquidity of the assets of the estate or the adjustment of the debtor-creditor ... relationship." 28 U.S.C. § 157(b)(2)(B), (I) and (O).

23.    This action deals with the dischargeablitiy of a debt because the claim for which Donna has been sued for his personal guaranty has been discharged in bankruptcy. SER's Plan was confirmed by the bankruptcy court on December 1, 2005. Had Rapid Pay properly perfected its security interest (it recorded its UCC Financing Statement in the State of Washington rather than the District of Columbia), it would have been paid through SER's Plan. But, Donna has an impairment of collateral defense to the underlying action because Rapid pay did not properly perfect its security interest, it did not seek to have the validity of its lien determined in the bankruptcy court, and it did not file a proof of claim.

24.    In addition, Donna has an indemnification agreement with SER which requires SER to indemnify him for any amounts paid to Rapid Pay in this action. Thus, Rapid Pay's action seeks payment of a debt that was discharged in SER's bankruptcy case.

25.    Because the Plaintiff's claim is in fact a claim against SER for a debt that has been discharged, this action is a core proceeding over which this Court and the bankruptcy court have jurisdiction.

26.    Even if this is not a "core proceeding," 28 U.S.C. §157(c) permits a bankruptcy judge to hear a non-core proceeding that is "related to" a case under title 11. As discussed above, this case is related to SER's bankruptcy case. Other courts have concluded that an action on a personal guaranty is "related to" for purposes of referral to the bankruptcy court. In re Krafchick, 137 B.R. 560 (D.Mass. 1991); In re Showcase Natural Casing Company, Inc., 54 B.R. 142 (S.D.Ohio 1985). In such a case the bankruptcy judge submits proposed findings of fact and conclusions of law to this Court for entry of a final order, unless the parties consent to a determination by the bankruptcy judge. 28 U.S.C. §157(c).

27.    Because the bankruptcy court has jurisdiction over this case under 28 U.S.C. § 157, it is properly referred to the bankruptcy court under Local Rule 5011-1.

28.    Local Rule 5011-1 refers all cases "under Title 11 and all proceedings arising under Title 11 or related to a case under Title 11" to a Bankruptcy Judge and as explained above, this action is related to Bankruptcy Case No. 04-01249.

## IV.    CONCLUSION

29.    Under the applicable provisions of 28 U.S.C. §§ 1441, 1446 and 1452, all of which defendant Donna has complied with, this cause of action is removable to the United States District Court for the District of Columbia.  Under 28 U.S.C. §157(a) and (b) and Local Rule 5011-1, referral to the bankruptcy court is proper.  Donna requests that this Court enter an order referring this action to the bankruptcy court.

WHEREFORE, Defendant Donna respectfully removes this action from the Superior Court for the District of Columbia, bearing Civil Action No. 05-0009557, to this Court pursuant to 28 U.S.C. § 1441 and requests that this Court enter an order:

a.    referring this action to the Bankruptcy Court for the District of Columbia; and

b.    granting such other relief as this Court deems just and equitable.

January 12, 2006

Respectfully submitted,

Darrell W. Clark (Bar No. 450273)
Steven K. White (Bar No. 367371)
Katherine M. Sutcliffe Becker (Bar No. 481394)
Stinson Morrison Hecker LLP
1150 18th Street, N.W., Suite 800
Washington, DC 20036-3816
Telephone: (202) 785-9100
Fax: (202) 785-9163
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of January, 2006, a copy of the foregoing was mailed, via first class mail, postage prepaid to:

Thomas J. Luz, Esq.
Pearce & Luz LLP
1500 Broadway
21st Floor
New York, NY 10036

_____
Katherine M. Sutcliffe Becker

**EXHIBIT A**



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

RAPID PAY, LLC
Vs.
ROBERT DONNA

C.A. No.        2005 CA 009557 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge NATALIA COMBS GREENE
Date:   December 15, 2005
Initial Conference: 9:00 am, Friday, March 17, 2006
Location:   Courtroom 312
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

Caio.doc

## CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001  Telephone: 879-1133

| RAPID PAY LLC, | |
|---|---|
| | *Plaintiff* |

05-0009557

**VS.**

Civil Action No. [ ]

| ROBERTO DONNA, | |
|---|---|
| | *Defendant* |

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

| | |
|---|---|
| PEARCE & LUZ LLP | |
| Name of Plaintiff's Attorney | |
| 1500 BROADWAY, 21st FLOOR | |
| Address | |
| NEW YORK, NY  10036 | |
| (212) 221-8733 | |
| Telephone | |

*Clerk of the Court*

By _____
          **Deputy Clerk**

Date [ 12-15-05 ]

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91    **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

---

RAPID PAY, LLC
17 Battery Place
New York, NY 10004,

             **Plaintiff,**

     **-against-**

ROBERT DONNA
1101 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 293-8993 and /or
        (202) 728-0239,

            **Defendant.**

---

05-0009557

**Civil Action No.**

RECEIVED
CIVIL CLERK'S OFFICE

DEC 1 5 2005

SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

## COMPLAINT

Plaintiff Rapid Pay LLC ("Rapid Pay") by its attorneys, Pearce & Luz LLP, as and for its complaint against Defendant, alleges as follows:

1)    Rapid Pay is a New York limited liability company with its principal place of business in the State of New York.

2)    Upon information and belief, Defendant Roberto Donna is a resident of the District of Columbia.

3)    On or about June 29, 2004, SER Corporation ("SER") of which Mr. Donna is, on information and belief, the sole shareholder, entered into a Merchant Agreement (the "Merchant Agreement") with Plaintiff pursuant to which Plaintiff paid $98,065.72, to SER in exchange for credit-card receivables in the total amount of $134,565.72. As further inducement and consideration for Rapid Pay's purchase of SER's receivables, Defendant signed

the annexed personal guarantee (the "Guarantee") of SER's performance. A copy of the Merchant Agreement and Guarantee is annexed as Exhibit A.

4)    On information and belief, SER's only business was the operation of a restaurant in the District of Columbia.

5)    In the Guarantee, Mr. Donna agreed:

not to ... permit any event to occur which could have an adverse effect on the use, authorization or acceptance of credit cards for the purchase of Merchant's services and products... not to change its arrangements with processor in any way which is adverse to Rapid Pay.

6)    The Merchant Agreement provides that the filing of a petition in bankruptcy is an event of default.

7)    SER Corporation has defaulted on the Merchant Agreement in that it has filed for bankruptcy and also has deliberately done other acts to prevent Rapid Pay from receiving the credit-card receivables that Rapid Pay purchased. Mr. Donna has defaulted on his guarantee of performance of that Agreement by failing to reimburse Rapid Pay for the receivables that SER, by its actions, rendered uncollectible, and by changing SER's processing arrangements in a manner adverse to Rapid Pay.

8)    At the time they executed the Merchant Agreement, both parties knew that possession of a valid liquor license was important to SER's restaurant business. SER represented to Rapid Pay that it had a valid liquor license and Rapid Pay relied on this representation in purchasing SER's credit-card receivables. At the time SER entered into the Merchant Agreement and Mr. Donna signed the Guarantee, Mr. Donna knew, but did not disclose to Rapid Pay, that SER owed the District of Columbia for unpaid sales taxes. Rapid Pay was unaware at all relevant times of SER's failure to pay sales tax. Under the law of the District of Columbia, a liquor license may not be renewed if sales taxes are due. At the time Rapid Pay

2

paid SER, Mr. Donna had no intention of paying the taxes and knew SER's liquor license would not be renewed.

9)    At the time he guaranteed SER's performance of the Merchant Agreement, Mr. Donna intended to cause SER to file a Chapter 11 bankruptcy petition for the purpose, among others, of hindering, delaying, and defrauding Rapid Pay in its attempt to recover the receivables it had purchased. Mr. Donna did not disclose this intention to Rapid Pay at any time.

10)    After SER's bankruptcy filing, Rapid Pay was able to recover some of the receivables it had purchased from SER's bank account. SER has now brought an adversary proceeding against Rapid Pay, alleging that Rapid Pay has violated the automatic stay in 11 U.S.C. § 362 and that Rapid Pay turn over the money to SER's estate.

## FIRST CAUSE OF ACTION

11)    Plaintiff repeats paragraphs 1 through 10.

12)    In its preference action in the Bankruptcy Court, SER has sought a turnover of all monies that Rapid Pay recovered after SER's bankruptcy filing.

13)    Pursuant to the Guarantee, Rapid Pay is entitled to an indemnification from Defendant of any monies it is ordered to pay to SER.

14)    Rapid Pay is entitled to a judgment declaring that Defendant is responsible for any monies that Rapid Pay must return to SER.

15)    Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION

16)    Plaintiff repeats paragraphs 1 through 15.

3

17)    Under the Merchant Agreement and Guarantee, Mr. Donna became obligated to pay Plaintiff $135,565.72, the amount of receivables SER agreed to assign to Rapid Pay.    Rapid Pay has received only $79,267.06 of this amount, the return of which SER Corporation now seeks in its Chapter 11 preference proceeding.

18)    Mr. Donna has breached the terms of the Guarantee.

19)    Rapid Pay has been harmed by Mr. Donna's breach of the guarantee. Should SER prevail in its preference action against Rapid Pay, the amount of that harm will be $135,565.72 plus interest.

### THIRD CAUSE OF ACTION

20)    Plaintiff repeats paragraphs 1 through 19.

21)    By reason of the foregoing, SER and Mr. Donna have been unjustly enriched.

22)    As a result of that unjust enrichment, Rapid Pay has been damaged in an amount to be determined at trial, but in no event less than the amount of the receivables SER sold to Rapid Pay.

23)    By reason of the foregoing, Plaintiff demands payment in an amount to be determined at trial, but in no event less than the amount of the receivables SER sold to Rapid Pay.

### FOURTH CAUSE OF ACTION

24)    Plaintiff repeats paragraphs 1 through 23.

25)    As part of the Merchant Agreement, Mr. Donna, who signed the agreement on behalf of SER, represented to Rapid Pay that there were no material adverse circumstances that would cause Rapid Pay to doubt SER's continued financial viability and

4

ability to generate the receivables that Rapid Pay had purchased. That representation was false when made, as SER's restaurant was delinquent in paying its sales taxes and was planning a bankruptcy filing.

26)    Rapid Pay did not discover the truth with respect to Donna's misrepresentations until on or about August 19th, 2005. Rapid Pay could not with reasonable diligence have discovered the true facts prior to August 19th 2005.

27)    Donna's knew his misrepresentations false when he made them; he made them with the intention of deceiving and defrauding the Plaintiff and made them to induce Rapid Pay to enter into the Merchant Agreement and to pay the consideration stated therein.

28)    Had Rapid Pay known that SER's liquor license was in peril, it would never have entered the Merchant Agreement.

29)    Rapid Pay has been damaged by SER's fraud in the inducement in an amount to be determined at trial but in no event less than the amount of the receivables SER sold to Rapid Pay.

## FIFTH CAUSE OF ACTION

30)    Plaintiff repeats paragraphs 1 through 29.

31)    Rapid Pay has incurred legal fees and other expenses in defending a preference action brought by SER.

32)    Pursuant to the Guarantee, Mr. Donna is obligated to indemnify Rapid Pay against these fees and expenses.

33)    Mr. Donna is liable to Rapid Pay in the amount of Rapid Pay's fees and expenses incurred in defending SER's preference action.

WHEREFORE, Rapid Pay seeks the following relief against Defendant:

5

A.     On the first cause of action, judgment declaring that Defendant shall be required to indemnify Plaintiff for any damages resulting from the Adversary proceeding brought by SER Corporation;

B.     On the second cause of action, $135,565.72 plus interest;

C.     On their third cause of action, an amount to be determined at trial, but in no event less than the amount of the receivables SER sold to Rapid Pay;

D.     On their fourth cause of action an amount to be determined at trial, but in no event less than the amount of the receivables SER sold to Rapid Pay;

E.     On their fifth cause of action, in an amount to be determined at trial, but not less than the amount of Rapid Pay's fees and expenses incurred in defending SER's preference action.

Dated:  December 14, 2005                     Respectfully submitted,


Thomas J. Luz /PLK
Thomas J. Luz (DC Bar No. 415762)
PEARCE & LUZ LLP
1500 Broadway, 21st Floor
New York, New York 10036
Telephone:  (212) 221-8733

*Attorneys for Plaintiff*

**<u>EXHIBIT A</u>**

Sep 27 04 08:43a    Pascal F. Salvadori    703-250-1081    p.2

# RAPIDPAY, LLC
17 Battery Place, Suite 1231, New York, NY 10004
Ph. (212) 809-0300  Fax (212) 809-0333

Contract ID # 547

## Merchant Agreement

Agreement dated **June 29, 2004** , between RAPIDPAY LLC ("Rapidpay") and the merchant listed below ("the Merchant").
(Month)  (Day)  (Year)

### MERCHANT INFORMATION

Merchant's Legal Name: **SER CORP**

D/B/A: **GALILEO RESTAURANT**                    State of incorporation/organization **D C**

Type of entity (check one):    [ x ] Corporation    [ ] Limited liability company    [ ] Limited partnership

[ ] Limited liability partnership    [ ] Sole Proprietor

Physical Address: **1110 21ST STREET NW**  City **WASHINGTON** State **DC** Zip **20036**

Mailing Address: **SAME** _____ City _____ State _____ Zip _____

Date business started (mm/yy) **10/89**    Federal ID# or SS# **52-1348958**

Contact Name **JEANNE SALVADORE**    Position **BUSINESS MANAGER**

Phone **202-293-7191** Fax **202-331-9634**  E-mail Address _____ Web Site _____

Bank Name **BB&T**    City **WASHINGTON** State **DC** Zip **20036**

ABA Routing # _____ ACT# _____

### PURCHASE AND SALE OF FUTURE RECEIVABLES

Merchant hereby sells, assigns and transfers to Rapidpay (making Rapidpay the absolute owner) in consideration of the purchase price ("Purchase Price") specified below, all of Merchant's future accounts, contract rights and other obligations arising from or relating to the payment of monies from Merchant's customers' use of credit cards (the "Receipts"), for the payment of Merchant's sale of goods or rendition of services until the amount specified below (the "Purchased Amount") has been delivered by Merchant to Rapidpay.

The Purchased Amount shall be paid to Rapidpay by Merchant's irrevocably authorizing only one credit card processor acceptable to Rapidpay (the "Processor") to remit the percentage specified below (the "Specified Percentage") of the Merchant's settlement amounts due from each credit card issuer with respect to the Receipts, until such time as Rapidpay receives payment in full of the Purchased Amount. As of the date hereof Merchant hereby designates the following credit cards: MasterCard, VISA, American Express, Discover and _____ (strike out any credit card not used by Merchant).

**Purchase Price:**    $ **98,065.72**  Specified Percentage:  **.09%**

**Purchased Amount:** $ **135,565.72**

[ ] Merchant hereby elects to receive either same day funding, or weekly funding of Receipts as set forth below:

~~1.15% plus Amex Visa/MC, Diner, Discover or ___ (check all that apply) Rate confirmation~~

Requests (circle all that apply):  Every day,  M,  T,  W,  Th,  F,  On Demand Only
All purchases and sales of future receivables hereunder are subject to the Program Fees set forth in Schedule A.

### PERSONAL GUARANTEE

The undersigned Guarantor(s) hereby guarantees Merchant's performance of all of the covenants made by Merchant in this Agreement, including the covenants contained in the next sentence (the "Merchant Contractual Covenants"). Merchant agrees (i) to conduct its business and use the Purchase Price in the ordinary course of its business consistent with past practices; (ii) not to take any action to discourage the use of credit cards which are settled through Processor or to permit any event to occur which could have an adverse effect on the use, acceptance or ~~authorization of credit cards for the purchases of Merchant's services and products;~~ (iii) not to change its arrangements with Processor in any way which is adverse to Rapidpay; (iv) not to change the credit card processor through which the Receipts are settled from Processor to another credit card processor or to permit any event to occur that could cause a diversion of any of Merchant's credit card transactions to another processor; and (v) not to sell, dispose, convey or otherwise transfer its business or assets without the express prior written consent of Rapidpay and the written agreement by any purchaser or transferee to the assumption of all of Merchant's obligations under this Agreement pursuant to documentation reasonably satisfactory to Rapidpay.

**MERCHANT**

By **ROBERTO DONNA , PRESIDENT**    _____(Signature)_____    → SIGN HERE
(Print Name and Title)

GUARANTOR(S): By

By **ROBERTO DONNA , PRESIDENT**    _____(Signature)_____    → SIGN HERE
(Print Name and Title)

Home Address **1101 NEW HAMPSHIRE AVE**
**WASHINGTON, DC 20036**    SS# **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**

By _____    _____
(Print Name and Title)    (Signature)
Home Address _____    SS# _____

**RAPIDPAY LLC**

By _____    Associate Name **ANTHONY SERIGNESE**
(Rapidpay Officer)    (Signature)

THE TERMS, DEFINITIONS AND CONDITIONS SET FORTH ON PAGES 2 AND 3 HEREOF ARE INCORPORATED IN AND MADE A PART OF THIS MERCHANT AGREEMENT.

Revised 703    Page 1 of 4

Sep 27 04 08:44a    Pascal F. Salvadori        703-250-1081            p.3

## MERCHANT AGREEMENT TERMS AND CONDITIONS

### I. TERMS OF ENROLLMENT IN PROGRAM

**1.1 Merchant Processing Agreement** Merchant shall execute an agreement (the "Merchant Processing Agreement") acceptable to Rapidpay, with the Processor acceptable to Rapidpay, to obtain credit card processing services. Merchant shall authorize Processor to deduct the amounts owed to Rapidpay for the Receipts as specified herein from settlement amounts which would otherwise be due to Merchant from Processor for credit card transactions and to pay such amounts to Rapidpay pursuant to Rapidpay's Instructions to Processor. The authorization shall be irrevocable without the written consent of Rapidpay. Processor may, but upon the institutions of Rapidpay, without any intervening verification, to make such authorization and the Merchant waives any claims for damages it may have against Processor in connection with such acts unless such Damages were due to Processor's failure to follow Rapidpay's instructions.

**1.2 Term of Agreement** This Agreement shall have a term of one year. Upon the expiration of the term, this Agreement shall automatically renew for successive one year terms provided, however, that during the renewal term(s) Merchant may terminate this Agreement upon ninety day's prior written notice (effective upon receipt) to Rapidpay. Notwithstanding the foregoing, Rapidpay may terminate this Agreement at anytime and in its sole discretion (i) upon one (1) day prior written notice to Merchant or fill at any time without notice upon the occurrence of an Event of Default. The termination of this Agreement shall not affect Merchant's responsibility to satisfy all outstanding obligations to Rapidpay at the time of termination.

**1.3 Account Audit and Control Services** Rapidpay may provide Merchant with credit card account audit and control services that will track each charge slip, and its associated sort, from its initial batch submission to its final payment. If provided, Merchant will maintain a separate bank account approved by Rapidpay to isolate credit card transactions and thereby facilitate Rapidpay's efforts to reconcile and audit the accounts.

**1.4 Same Day Funding** Once Rapidpay confirms Merchant's credit card sale batch totals for a specified day, it will make funds available to Merchant in the amount of the batch totals, or as otherwise determined by Rapidpay less all associated fees and costs, charge-backs or suspicious items.

**1.5 Credit** Merchant and Guarantor authorize Rapidpay or its agents to investigate my/our financial responsibility and credit worthiness, specifically principal or corporate entities, and will provide financial statements, tax returns, etc., at your deem necessary prior to or after execution of this agreement. A photocopy of this authorization will be deemed as acceptable for release of credit information. I/we authorize you to update my/our credit profile from time to time in the future as you deem appropriate.

**1.6 Transactional History.** Merchant hereby authorizes the Processor to provide Rapidpay with Merchant's credit card history.

**1.7 Indemnification.** Merchant and Guarantor (s), jointly and severally indemnify and hold harmless Processor, its officers, directors and shareholders from and against all losses, damages, claims, liabilities and expenses (including reasonable attorney's fees) suffered or incurred by Processor resulting from (a) claims asserted by Rapidpay arising for moneys owed to Rapidpay from Merchant and (b) actions taken by Processor in reliance upon information or instructions provided by Rapidpay.

**1.8 No Liability.** In no event will Processor or Rapidpay be liable for any claims asserted by Merchant under any theory of tort, contract strict liability or other law [illegible] ...

**1.9 Reliance on Terms.** Section 1.1, 1.7, 1.8 and 2.5 of this Agreement are agreed to for the benefit of Merchant, Rapidpay and Processor, and notwithstanding the fact that Processor is not a party of this Agreement, Processor may rely upon their terms and raise them as a defense in any action.

**1.10 Sale of Receipts.** Merchant and Rapidpay agree that the Purchase Price under this Agreement is in exchange for the Purchased Amount and that such Purchase Price is not intended to be, nor shall it be construed as, a loan from Rapidpay to Merchant. Merchant agrees that the Purchase Price exchanged for the Receipts pursuant to this Agreement equal the fair market value of such Receipts. Payments made to Rapidpay in respect to the Receipts shall be conditioned upon Merchant's sale of products and services and the payment therefor by Merchant's customers in the manner provided in Section 1.1.

**1.11 Power of Attorney** Merchant irrevocably appoints Rapidpay as its agent and attorney-in-fact with full authority to take any action or execute any instrument or document to settle all obligations due and owing to Rapidpay under this Agreement from Merchant's customers, including without limitation (i) to obtain and adjust insurance; (ii) to collect monies due or to become due under or in respect of any of the Collateral; (iii) to receive, endorse and collect any checks, notes, drafts, instruments, documents or chattel paper in connection with clause (i) or clause (ii) above; (iv), to sign Merchant's name on any invoice, bill of lading, or assignment directing customer or account debtor to make payment directly to Rapidpay; (v) to debit Merchant's depository accounts wherever situated by means of ACH debit, or facsimile signature on a computer generated check drawn on Merchant's bank account, or otherwise, and (vi) to file any claims or take any action or institute any proceeding which Rapidpay may deem necessary for the collection of any of the unpaid Purchased Amount from the Collateral, or otherwise to enforce its rights with respect to payment of the Purchased Amount.

**1.12 Confession of Judgment - Merchant.** In support of Merchant's undertaking to pay the Purchased Amount to Rapidpay, Merchant shall deliver to Rapidpay simultaneously with the execution and delivery of this Agreement, a confession of judgment for the entire Purchased Amount based on the Merchant's alleged default in payment. Rapidpay shall hold such confession of judgment in escrow and Rapidpay agrees that it will not enter or seek to enter the confession of judgment unless Merchant fails to make the payments referred to on page one of this Agreement and Merchant fails to cure such default within fifteen (15) days of written notice of such default from Rapidpay. Rapidpay agrees to return the confession of judgment to Merchant within ten (10) days of Merchant satisfying its payment obligations under this Agreement.

**1.13 Terminated Merchant File and Match File.** Merchant expressly acknowledges that a Terminated Merchant File ("TMF") or any successor thereto is maintained by Mastercard and a Match File is maintained by VISA containing the business and financial identification of Merchants that have been terminated for one or more of the reasons specified in VISA operating regulations. Included with such identification is the name of Merchant, the nature of Merchant's business, transactions, excessive chargebacks and retrieval request, laundering or where a high security risk exists. MERCHANT ACKNOWLEDGES THAT PROCESSOR AND RAPIDPAY ARE REQUIRED TO REPORT THE BUSINESS NAME OF THE MERCHANT AND THE NAMES AND IDENTIFICATION OF ITS PRINCIPALS TO THE TMF WHEN A MERCHANT IS TERMINATED FOR ONE OR MORE OF THE REASONS SPECIFIED IN MASTERCARD OR VISA OPERATING REGULATIONS. MERCHANT EXPRESSLY AGREES AND CONSENTS TO SUCH REPORTING BY PROCESSOR AND RAPIDPAY AND RELEASES THEM FROM ANY DAMAGES FOR DOING SO IN GOOD FAITH.

**1.14 Consent to Enter Premises and Assign Lease.** Merchant hereby agrees that Rapidpay may enter into an agreement with Merchant's landlord giving Rapidpay the right: (a) to enter Merchant's premises and to take possession of the fixtures and equipment therein for the purpose of protecting and preserving same; and (b) to assign Merchant's lease with its landlord to another qualified merchant capable of operating a business comparable to Merchant's at such premises.

### II. REPRESENTATIONS, WARRANTIES AND COVENANTS Merchant represents, warrants and covenants that as of this date and during the term of this Agreement:

**2.1 Financial Condition and Financial Information.** Its financial statements, copies of which have been furnished to Rapidpay, and future statements which will be furnished hereafter from time to time at the discretion of Rapidpay, fairly represent the financial condition of Merchant at such dates and since the dates therein, there has been no material adverse change, financial or otherwise, in such condition, operation or ownership of Merchant. Merchant has a continuing and affirmative obligation to advise Rapidpay of any material adverse change in its financial condition, operation or ownership. Merchant's failure to do so is a material breach of this Agreement.

**2.2 Governmental Approvals.** Merchant is in compliance and shall comply with all laws and has requisite permits, authorizations and licenses to own, operate and lease its properties and to conduct the business in which it is presently engaged all of which are in full force and effect.

**2.3 Authorizations.** Merchant, and the person(s) signing this Agreement on behalf of Merchant, have the full power and authority to enter into and perform the obligations under this Agreement and to have the obligations provided for herein, all of which have been duly authorized by all necessary and proper corporate actions [illegible].

**2.4 [illegible] Merchant** will maintain insurance in such amounts and against such risks as are satisfactory to Rapidpay and shall provide Rapidpay proof of such insurance upon request.

**2.5 Merchant Processing Agreement.** Merchant will not change its processor, add terminals, change its financial institution or bank account(s) or take any other action that could have any adverse effect upon Merchant's obligations under this Agreement, without Rapidpay's prior written consent. Any such change shall be a material breach of this Agreement.

**2.6 Change of Name or Location.** Merchant will not conduct Merchant's businesses under any name other than as disclosed to the Processor and Rapidpay or change any of its places of business.

**2.7 Daily Batch Out.** Merchant will batch out receipts with the Processor on a daily basis.

**2.8 Estoppel Certificate.** Merchant will at any time, and from time to time, upon at least one (1) day prior notice to Merchant, execute, acknowledge and deliver to Rapidpay and/or to any other person, person firm or corporation specified by Rapidpay, a statement certifying that this Agreement is unmodified and in full force and effect (or if there have been modifications, that the same is in full force and effect as modified and stating the modifications) and stating the [illegible]

### III. SECURITY INTEREST
To secure the prompt payment and performance of all obligations of Merchant to Rapidpay or its assigns under this Agreement, Merchant and Guarantor grant to Rapidpay: (a) A security interest in all accounts, chattel paper, documents, equipment, general intangibles, instruments, inventory in those terms are defined in Article 9 of the Uniform Commercial Code as in effect from time-to-time in the State of New York (the "UCC") wherever located, now or hereafter owned or acquired by Merchant; (b) A security interest in all trademarks, trade names, service marks, logos and other sources of business identifiers of Merchant, and all of its registrations, regarding and applications with the U.S. Patent and Trademark Office and all

Initials Here

Revised [illegible]

renewals, reissues and extensions thereof (collectively, the "Trademarks") whether now owned or hereafter acquired, together with any written agreement granting any rights to use any Trademarks; and (c) All proceeds, as that term is defined in Article 9 of the UCC (a, b, & c collectively, the "Collateral"). Merchant and Guarantor agree to execute financing statements (including the language set forth in RIDER A annexed hereto) and any and all other instruments and documents that may now or hereafter be provided for by the UCC or other law applicable thereto reflecting the security interests granted to Rapidpay hereunder ("Financing Statements"). Merchant and Guarantor authorize Rapidpay to file the Financing Statements without Merchant's or Guarantor's signature, signed only by Rapidpay as secured party, to reflect the security interests granted hereunder. Merchant and Guarantor shall be liable for and Rapidpay may charge and collect all costs and expenses, including but not limited to attorney's fees which may be incurred by Rapidpay in protecting, preserving and enforcing Rapidpay's security interests and rights hereunder. The UCC-1 Financing Statement will state that the sale of the Purchased Amount from the Receipts is intended to be a sale and not an assignment for security.

3.1  **Cross-Collateral.**  Guarantor hereby grants Rapidpay an identical security interest as provided in Section III above in _____

Guarantor understands that Rapidpay will have a Security Interest in the aforesaid properties upon execution of this Agreement.

### IV. EVENTS OF DEFAULT AND REMEDIES

4.1  **Events of Default.**  The occurrence of any of the following events shall constitute an "Event of Default" hereunder: (a) Merchant shall fail to perform or observe any other term, covenant or agreement contained in this Agreement; (b) Any representation or warranty made by Merchant in this Agreement shall prove to have been incorrect, false or misleading in any material respect when made; (c) Merchant shall admit in writing its inability to pay its debts, or shall make a general assignment for the benefit of creditors; or any proceeding shall be instituted by or against Merchant seeking to adjudicate it a bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, or composition of it or its debts; (d) the sending of notice of termination by Guarantor; (e) Merchant suspending, dissolving or terminating its business; (f) Merchant selling all or substantially all of its assets whatsoever prior to payment in full of the Purchased Amount; (h) the making or sending of notice of any intended bulk sale or transfer by Merchant prior to payment in full of the Purchased Amount; (i) the use by Merchant of multiple credit card processing terminals without the prior written consent of Rapidpay; (j) Merchant changes its credit card processor without the prior written consent of Rapidpay; or (k) Merchant defaults under any of the terms, covenants and conditions of any other agreement with Rapidpay.

4.2  **Remedies.**  In case any one or more Events of Default shall occur and not have been waived, (a) the entire Purchased Amount, shall at Rapidpay's option on not less than 15 days' notice (and provided such default is not cured during such 15-day period) become immediately due and payable without further notice to Merchant; (b) Rapidpay may immediately enter and seek to enforce the confession of judgment referenced in Article I herein; and (c) Rapidpay may proceed to protect and enforce its rights or remedies by suit in equity or by action at law, or both, whether for the specific performance of any covenant, agreement or other provision contained herein, or to enforce the payment of Merchant's obligations hereunder (including the Personal Guarantee) or any other legal or equitable right or remedy. All rights, powers and remedies of Rapidpay in connection with this Agreement may be exercised at any time by Rapidpay and from time to time after the occurrence of an Event of Default, are cumulative and not exclusive, and shall be in addition to any other rights, powers or remedies provided by law or equity.

4.3  **Costs.**  Merchant shall pay to Rapidpay all reasonable costs associated with a breach by Merchant of the Merchant Contractual Covenants and the enforcement thereof and (b) the enforcement of Rapidpay's remedies set forth in Section 4.2 above, including but not limited to court costs and attorneys' fees.

4.4  **Bankruptcy.**  In the event Merchant or Guarantor is or becomes a debtor in a case under Chapter 7, 11 or 13 of the United States Bankruptcy Code, in consideration of the Purchase Price paid by Rapidpay to Merchant under the this Agreement, Merchant hereby consents to modifying or vacating the Automatic Stay set forth in § 11 U.S.C. 362 to allow Secured Party to immediately take possession of the Collateral sell same and apply the sale proceeds to the payment of the liquidated damages.

### V. MISCELLANEOUS

5.1  **Modifications; Agreements.**  No modification, amendment, waiver or consent of any provision of this Agreement shall be effective unless the same shall be in writing and signed by Rapidpay.

5.2  **Assignment.**  Rapidpay may assign, transfer or sell its rights to receive the Purchased Amount or delegate its duties hereunder, either in whole or in part.

5.3  **Notices.**  All notices, requests, consent, demands and other communications hereunder shall be delivered by certified mail return receipt requested to the respective parties to this Agreement at the addresses set forth in this Agreement and shall become effective only upon receipt.

5.4  **Waiver Remedies.**  No failure on the part of Rapidpay to exercise, and no delay in exercising, any right under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right under this Agreement preclude any other or further exercise thereof or the exercise of any other right. The remedies provided hereunder are cumulative and not exclusive of any remedies provided by law or equity.

5.5  **No Deductions.**  All payments under this Agreement shall be paid by Merchant to Rapidpay without offset, deduction or withholding of any kind. Rapidpay may collect any amounts due from Merchant to Rapidpay for any amounts due from Merchant at anytime. Rapidpay may at any time initiate credit and debit entries to Merchant's bank account to offset any amounts due to Rapidpay, for any reason, including without limitation, error corrections, adjustments, chargebacks and cardholder credits. Rapidpay is authorized to make debits to Merchant's bank account without respect to the source of any funds in Merchant's bank account.

5.6  **Binding Effect; Governing Law and Jurisdiction.**  This Agreement shall be binding upon and inure to the benefit of Merchant, Rapidpay and their respective successor and assigns, except that Merchant shall not have the right to assign its rights hereunder or any interest herein without the prior written consent of Rapidpay which consent may be withheld in Rapidpay's sole discretion. Rapidpay reserves the rights to assign this Agreement with or without prior written notice to Merchant. This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Merchant consents to the jurisdiction of the appropriate court within the State of New York with respect to any disputes arising out of the enforcement of this Agreement.

5.7  **Survival of Representation, etc.**  All representations, warranties and covenants herein shall survive the execution and delivery of this Agreement and shall continue in full force and effect until all obligations under this Agreement shall have been satisfied in full and this Agreement shall have terminated.

5.8  **Severability.**  In case any one or more of the provisions contained in this Agreement is found to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of any other provision contained herein shall not in any way be affected or impaired.

5.9  **Entire Agreement.**  Any provision hereof prohibited by law shall be ineffective only to the extent to such prohibition without invalidating the remaining provisions hereof. This Agreement and Schedule A hereto embodies the entire agreement and understanding between Merchant and Rapidpay and supersedes all prior agreements and understandings relating to the subject matter hereof unless otherwise specifically reaffirmed or restated herein.

5.10 **JURY TRIAL WAIVER. THE PARTIES HERETO WAIVE TRIAL BY JURY IN ANY COURT IN ANY SUIT, ACTION OR PROCEEDING ON ANY MATTER ARISING IN CONNECTION WITH OR IN ANY WAY REALTED TO THE TRANSACTIONS OF WHICH THIS AGREEMENT IS A PART OR THE ENFORCEMENT HEREOF. THE PARTIES HERETO ACKNOWLEDGE THAT EACH MAKES THIS WAIVER KNOWINGLY, WILLINGLY AND VOLUNTARILY AND WITHOUT DURESS, AND ONLY AFTER EXTENSIVE CONSIDERATION OF THE RAMIFICATIONS OF THIS WAIVER WITH THEIR ATTORNEYS.**

5.11 **Facsimile Acceptance.**  Facsimile signatures shall be deemed acceptable for all purposes.

**THIS AGREEMENT IS SUBJECT TO AND CONTROLLED BY ALL OF THE TERMS AND CONDITIONS ON PAGE 1.**

COPY

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

RAPID PAY LLC                     )
                                  )        RECEIVED
            Plaintiff             )
                                  )        2006 JAN -6  P 6: 02
v.                                )
                                  )        Case No. 05-009557
ROBERTO DONNA                     )        DISTRICT OF COLUMBIA
                                  )        Next action Initial Conference 3/17/06
                                  )              COURTS
            Defendant.            )

## **ANSWER**

COMES NOW Defendant, Roberto Donna ("Defendant"), by and through undersigned

counsel, and for its Answer states and alleges as follows:

1.     Admit.

2.     Denied.

3.     The Defendant admits the allegations contained in the first sentence of paragraph

3, and admits his signature in the second sentence of paragraph 3 and denies all other averments.

The third sentence does not require a response.

4.     Admit.

5.     Paragraph 5 attempts to paraphrase a document attached to the Complaint,

Defendant admits that the language quoted appears in the document attached to the Complaint.

6.     Admit.

7.     Denied.

8.     Denied.

9.     Denied.

10.    Admit as to the first sentence in paragraph 10.  Denied as to the second sentence.

SFR holds a judgment against Rapid Pay for its violations of the automatic stay.

11.    The Defendant incorporates paragraphs 1 through 10 of this Answer as its response to paragraph 11 of the Complaint

12.    Denied.  The Bankruptcy Court entered a judgment against Rapid Pay.

13.    Denied.

14.    Denied.

15.    Denied.

16.    The Defendant incorporates paragraphs 1 through 15 of this Answer as its response to paragraph 16 of the Complaint.

17.    Denied.

18.    Denied.

19.    Denied.

20.    The Defendant incorporates paragraphs 1 through 19 of this Answer as its response to paragraph 20 of the Complaint.

21.    Denied.

22.    Denied.

23.    Denied.

24.    The Defendant incorporates paragraphs 1 through 23 of this Answer as its response to paragraph 24 of the Complaint.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

2

30.     The Defendant incorporates paragraphs 1 through 29 of this Answer as its

response to paragraph 30 of the Complaint.

31.     Denied.

32.     Denied.

33.     Denied.

## AFFIRMATIVE DEFENSES

1.     Failure to state a claim upon which relief can be granted.

2.     Violation of the automatic stay 11 U.S.C. § 362.

3.     Impairment of collateral.

4.     D.C. Code § 28:3-605.

5.     Release.

6.     Waiver.

7.     Set-Off/Offset.

8.     Discharge in bankruptcy.

9.     Payment.

10.     As and for an tenth separate and distinct Affirmative Defense, the Defendant

reserves the right to assert additional affirmative defenses upon acquiring such information and

knowledge thereof.

**WHEREFORE**, the Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by way of its Complaint;

2.     That Plaintiff's Complaint be dismissed with prejudice;

3.     For costs of suit incurred herein, including actual attorneys' fees and costs to the

extent allowed at law or in equity; and

4.     For such other and further relief as the Court may deem just and proper.

3

Respectfully submitted,

Darrell W. Clark (Bar No. 450273)
Stinson Morrison Hecker LLP
1150 18th Street, N.W., Suite 800
Washington, DC 20036-3816
Telephone: (202) 785-9100
Fax: (202) 785-9163
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January, 2006, a copy of the foregoing was mailed, via first class mail, postage prepaid to:

Thomas J. Luz, Esq.
Pearce & Luz LLP
1500 Broadway
21st Floor
New York, NY 10036

Darrell W. Clark

4

UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Rapid Pay, LLC | ) |
| Plaintiff, | ) |
| v. | ) Case No._____ |
| Roberto Donna | ) |
| Defendant. | ) |

## ORDER REFERRING CASE TO BANKRUPTCY COURT

This matter came before the Court on the Notice of Removal and Suggestion of Referral to Bankruptcy Court filed by Roberto Donna ("Notice"). Upon consideration of the Notice and any opposition thereto this Court finds that the Notice was timely filed, that notice of the Notice was adequate as given and that this action is properly referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157 and Local Rule 5011-1. Upon further consideration it is herby:

**ORDERED** that this case is referred to the Bankruptcy Court, and it is

**FURTHER ORDERED** that Roberto Donna shall file a Notice of Removal with the bankruptcy court within ten (10) days of the entry of this order with a copy of this order and the Superior Court Complaint attached as Exhibits.

Dated:_____        _____

District Court Judge

Copies to:

Steven K. White
Katherine M. Sutcliffe Becker
Stinson Morrison Hecker LLP
1150 18th Street, NW, Suite 800
Washington, D.C.  20036

Thomas J. Luz, Esq.
Pearce & Luz LLP
1500 Broadway
21st Floor
New York, NY 10036